UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENDRICK FELTON SHORTS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1701** |
| **CHINESE RESTAURANT** | **SECTION "B" (4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (C) and § 1915e(2). Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual and Procedural Background**

The Plaintiff, Kendrick Felton Shorts ("Shorts"), filed this *pro se* and *in forma pauperis* complaint on June 22, 2010. The Complaint alleges that there were rusty staples in Shorts's chicken at Defendant, Chinese Restaurant, in early, mid-year of 2006.

**II.    Standard of Review for Frivolousness**

The very statute allowing Plaintiff to proceed as a pauper also requires the Court to screen a pauper-plaintiff's complaint and dismiss it without service of process at any time when the Court

makes a determination that the complaint is frivolous. Title 28, Section 1915(e)(2)(B) of the United States Code reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
>
> (B) the action or appeal-
>
> (I) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In cases in which a plaintiff seeks to proceed without the prepayment of the required filing fee and attendant fees for service of process, courts have long had the authority to dismiss *in forma pauperis* complaints if satisfied that the claims asserted are frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B); *see also*, former 28 U.S.C. § 1915(d).[1]

Section 1915(e)(2)(B) applies equally to prisoner and nonprisoner *in forma pauperis* cases. *See Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir.2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(I) and (ii)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir.2002) (affirming dismissal of in forma pauperis non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir.1998)(affirming dismissal of § 1983 action for failure to state a claim by non-prisoner, former detainee against state law enforcement personnel); *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir.1997)(§1915 as amended changed cases brought by prisoners and in some respects for all indigent litigants); *see also*, *Mazzaglia v. New Hampshire*, 229 F.3d 113 (1st

---

[1] Section § 1915(d) was superseded by 28 U.S.C. § 1915(e)(2)(B) as a part of the Prison Litigation Reform Act of 1996 ("PLRA").

Cir. 2000)( "[i]f plaintiff was a prisoner, then 28 U.S.C. § 1915A would have governed; if he was not, then § 1915(e)(2)(B) would have applied"); *McLean v. Caldwell Cnty. Sheriff's Dep't*, 198 F.3d 237 (4th Cir. 1999).

Under these statutes, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

## III.  Analysis

In the Complaint itself, Short neither sets forth nor suggests a cognizable federal cause of action or any basis for this court's jurisdiction as required under Fed. R. Civ. P. Rule 8.[2] The burden of establishing jurisdiction rests with the party who invokes federal jurisdiction. *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996). Without a basis for jurisdiction, Shorts's complaint must be dismissed.

---

[2]Rule 8(a) of the Federal Rules of Civil Procedure provides that "(a) [a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. Pro. 8(a).

3

### A. Federal Question Jurisdiction

The district courts of the United States have original subject matter jurisdiction over all actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. This jurisdiction includes actions to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution. 28 U.S.C. §§ 1331, 1343(a)(3).

Under a broad reading of Shorts's complaint, the Court can find no basis for its jurisdiction.[3] Affording the pleading the most generous of construction, Shorts has not alleged the violation of a constitutional right or other federal law by the named defendants. The defendant, Chinese Restaurant, is neither a federal nor state actor who could be bound to act within the boundaries of the Constitution or any specific state or federal law. Shorts has not alleged a basis for federal subject matter jurisdiction as required by Fed. R. Civ. P. 8.

### B. Diversity Jurisdiction

A federal court also has jurisdiction under Title 28 U.S.C. § 1332 where the parties are of diverse citizenship. Diversity jurisdiction exists when the claims in the complaint are between citizens of different states and when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The law is long established that when federal jurisdiction is based on diversity of citizenship, complete diversity must exist between all adverse parties in the action. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Breaux v. Dilsaver*, 254 F.3d 533, 536 (5th Cir. 2001); *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000).

---

[3]*Pro se* complaints are to be construed broadly in favor of that party. *U. S. v. Fuller*, 453 F.3d 274, 276 (5th Cir. 2006); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

Construed broadly, Shorts's complaint may state certain claims under Louisiana law, including negligence or other state torts. In the absence of any federal claim, these claims may be prosecuted in a federal court only if his citizenship is different from that of the defendant and his claims exceed the jurisdictional amount. Neither appears to be the case here.

Shorts has not specifically plead his citizenship or that of Chinese Restaurant. Further, the location of the Chinese Restaurant is not disclosed in the complaint. Shorts has also not made a demand for relief demonstrating that his claim exceeds the $75,000 jurisdictional amount. Under these circumstances, the Court does not have diversity jurisdiction.

Therefore, Shorts has failed to state a basis for this Court's jurisdiction, either federal question or diversity.[4] Without a basis for federal jurisdiction, the claims in this complaint should be dismissed as frivolous because the Court lacks jurisdiction.

## IV. Recommendation

It is therefore **RECOMMENDED** that Kendrick Felton Shorts's complaint be **DISMISSED WITHOUT PREJUDICE** as frivolous pursuant to Title 28 U.S.C. § 1915 because this Court lacks jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

---

[4]The Court also has no basis to exercise its supplemental jurisdiction under Title 28 U.S.C. 1367 since Shorts has not stated a federal claim. As noted, his claim against Chinese Restaurant at best relates to state tort law.

New Orleans, Louisiana, this \_\_\_31st\_\_\_ day of \_\_\_\_August_____, 2010.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　**KAREN WELLS ROBY**
　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**